1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KYLE PETERSEN,                          Case No.   1:19-cv-00975-NONE-JDP

12                    Petitioner,            FINDINGS AND RECOMMENDATIONS TO
                                             GRANT RESPONDENT'S MOTION TO
13        v.                                 DISMISS

14   KERN COUNTY DISTRICT                    OBJECTIONS DUE IN THIRTY DAYS
     ATTORNEY,
15                                           ECF No. 18
                     Respondent.
16                                           ORDER DISMISSING PETITIONER'S
                                             MOTION TO WAIVE SERVICE
17                                           REQUIREMENT AS MOOT

18                                           ECF No. 29

19

20        Petitioner Kyle Petersen, a state prisoner without counsel, petitioned for a writ of habeas

21   corpus under 28 U.S.C. § 2254.  ECF No. 1.  On March 20, 2020, respondent moved to dismiss

22   the petition, arguing that it is untimely, its third claim is not cognizable, and its fourth claim is

23   unexhausted.  *See generally* ECF No. 18.  On April 27, 2020, petitioner filed an opposition, ECF

24   No. 30, and respondent replied on May 4, 2020, ECF No. 31.  The matter is now ripe for review.

25   For the reasons stated below, we recommend that respondent's motion to dismiss be granted.

26   Petitioner also moved for a waiver of this court's service requirement, which we dismiss as moot.

27   ECF No. 29.

28

                                              1

1    **I.      Background**

2          In 2015, petitioner pleaded no contest to possession of child pornography and admitted

3    two sentencing enhancements.  ECF No. 18 at 2.  Petitioner did not appeal the judgment and was

4    sentenced to four years in state prison.[1]  *Id.*  Petitioner then unsuccessfully sought habeas relief in

5    the Kern County Superior Court, California Court of Appeal, and California Supreme Court.  *Id.*

6    **II.     Discussion**

7          **A.      Standard of Review**

8          No habeas rule explicitly applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.

9    Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

10   provided for in the rules but must be inferred from their structure and the Advisory Committee

11   Notes.").  Following an approach frequently taken by other courts in this district, we find that

12   Rule 4 of the Rules Governing Section 2254 Cases provides the most appropriate analytical

13   framework for this motion to dismiss, which asserts untimeliness as a basis for dismissal.

14   *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at

15   *4 (E.D. Cal. June 2, 2017).  Rule 4 establishes what is commonly known as a "screening"

16   procedure for habeas petitions.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  It

17   limits our consideration to "the petition and any attached exhibits"—somewhat like the limitation

18   to the pleadings that would apply to a motion to dismiss for untimeliness outside the habeas

19   context under Federal Rule of Civil Procedure 12(b)(6) or 12(c).[2]  Under Rule 4, we evaluate

20

21

---

22   [1] Although it appears that petitioner may no longer be incarcerated for the crime of his conviction,
     the petition is not rendered moot because collateral consequences of his conviction are presumed.
23   *See Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).
     [2] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss
24   is based on the running of the statute of limitations, it can be granted only if the assertions of the
     complaint, read with the required liberality, would not permit the plaintiff to prove that the statute
25   was tolled."); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c),
     matters outside the pleadings are presented to and not excluded by the court, the motion must be
26   treated as one for summary judgment under Rule 56."); *Farr v. United States*, 990 F.2d 451, 454
     (9th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.
27   1989).

28

1  whether it "plainly appears" that the petitioner is not entitled to relief—and if so we dismiss the

2  petition.

3  **B.     Statute of Limitations**

4  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioners seeking

5  habeas relief under § 2254 must comply with a one-year statute of limitations.  For most habeas

6  petitioners, the one-year clock starts to run on "the date on which the judgment became final by

7  the conclusion of direct review or the expiration of the time for seeking such review."  42 U.S.C.

8  § 2244(d)(1)(A).  In rare situations, the one-year clock starts to run on a later date.  *See id.*

9  § 2244(d)(1)(B)-(D).  For example, the statute of limitations may start to run on "the date on

10  which the factual predicate of the claim or claims presented could have been discovered through

11  the exercise of due diligence."  *Id*. § 2244(d)(1)(D).

12  Petitioner argues that § 2244(d)(1)(D) applies to his case because he did not discover the

13  factual predicates of his claims until November 2018.  ECF No. 30 at 4.  Under § 2244(d)(1)(D),

14  a petition is timely if the petitioner discovers, through the exercise of due diligence, new facts to

15  support a claim within the year before he files his petition.  *See Quezada v. Scribner*, 611 F.3d

16  1165, 1167-68 (9th Cir. 2010).  The limitations period begins to run when a prisoner "knows (or

17  through diligence could discover) the important facts, not when the prisoner recognizes their legal

18  significance."  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Here, petitioner

19  does not claim that he discovered "new facts" that support his claims.  Rather, he argues that he

20  encountered a number of  difficulties in the two years after his conviction became final that

21  prevented him from discovering the factual predicates of his claims, including a lack of funds to

22  pay for copies of his trial court record, a parole condition prohibiting him from accessing the

23  internet, and an inability to find pro-bono counsel.  ECF No. 30 at 3.  In November 2018,

24  petitioner met individuals in the Fresno County jail who helped him file a habeas petition.[3]  *Id*. at

25  4.

26

27  [3] Notably, petitioner's first state habeas petition was filed on September 13, 2018.  ECF No. 18
    at 2.  Petitioner provides no explanation for his claim that the statute of limitations clock started
28  to run in November 2018, rather than in September 2018 or earlier.

1    Petitioner's argument fails.  In his federal petition, he claims that the court, his attorney,

2    and the prosecutor violated his right to due process during plea negotiations and his plea hearing.

3    *See* ECF No. 1 at 4-5.  Petitioner also claims that his counsel was ineffective, that police

4    conducted an illegal search and seizure of his phone, and that he was never informed of the

5    elements of the crime with which he was charged.  *Id*.  The factual predicates of petitioner's

6    claims were readily apparent to him at the time of his arrest and subsequent plea hearing, and

7    none of his claims rest on newly-discovered evidence.  Therefore, § 2244(d)(1)(D) is not

8    applicable to petitioner's case.

9    As with most habeas petitions, § 2244(d)(1)(A) is the appropriate provision from which to

10   determine the start of statute of limitations clock here.  Petitioner was sentenced on June 10,

11   2015, and did not seek direct appellate review.  Therefore, his conviction became final under

12   § 2244(d)(1)(A) on August 9, 2015—when time for seeking direct review expired under

13   California law.  *See* Cal. R. Ct. 8.308(a).  The federal one-year statute of limitations began

14   running the following day, August 10, 2015.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th

15   Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Thus, absent tolling, the last day for petitioner to file a

16   federal petition was August 9, 2016.  He filed his federal petition nearly three years later, on July

17   16, 2019.

18   Although a properly-filed state habeas action does toll the federal statute of limitations,

19   *see* § 2244(d)(2), a state petition filed after the expiration of the federal statute of limitations does

20   not.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Here, petitioner's first state habeas

21   action was filed September 13, 2018, more than two years after the federal statute of limitations

22   expired.  ECF No. 18 at 2.  Therefore, he is afforded no statutory tolling.  Because petitioner filed

23   the instant petition nearly three years after the expiration of the statute of limitations, we find his

24

25

26

27

28

4

1   petition untimely and recommend its dismissal.[4]  Accordingly, we need not analyze respondent's

2   remaining grounds for dismissal.[5]

3   **III.     Motion to Waive Service Requirement**

4           Petitioner moves for waiver of our requirement that "copies of all documents submitted to

5   the Court shall be served upon all parties to the action," arguing that the COVID-19 pandemic has

6   limited his ability to obtain copies of his legal documents.  *See* ECF No. 29..  However, petitioner

7   is not required to serve paper copies of his filings on respondent because respondent has

8   consented to service through the court's electronic filing system.  *See* Local Rule 135(a);

9   135(g)(1).  Therefore, we will deny his motion as moot.

10  **IV.     Certificate of Appealability**

11          A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

12  court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C.

13  § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254

14  Cases requires a district court to issue or deny a certificate of appealability when entering a final

---

[4] Petitioner does not seek, nor does he appear eligible for, equitable tolling.  Equitable tolling is available to a petitioner who shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Although petitioner faced difficult circumstances common to indigent petitioners without counsel, we cannot find that any of these circumstances were extraordinary and prevented petitioner from timely filing.  *See Warsinger v. Swarthout*, No. 1:11-cv-00008-JLT HC, 2011 U.S. Dist. LEXIS 29834, at *14-15 (E.D. Cal. Mar. 11, 2011) (finding that a habeas petitioner's "indigent status, his limited legal knowledge, and the prison's limitations on law library access are circumstances that are no different than those faced by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus . . . because such circumstances are common to virtually all petitioners, they are not extraordinary and therefore do not justify equitable tolling").

[5] Even so, petitioner's third claim, that police conducted an illegal search and seizure in violation of the Fourth Amendment, does not appear to be cognizable on federal habeas review.  *See Stone v. Powell*, 428 U.S. 465 (1976).  Although petitioner seems to have exhausted his fourth claim at the California Supreme Court before raising it in his federal habeas petition, *see* ECF No. 20-7 at 13, his claim does not appear meritorious.  A petitioner who pleaded guilty to his underlying offense is limited to challenging the voluntary and intelligent character of his guilty plea or his counsel's ineffectiveness in advising him to enter a plea on federal habeas review.  *See Tollett v. Henderson*, 411 U.S. 258, 265-67 (1973); *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017). Here, petitioner has presented little evidence that his plea was not knowing or voluntary and his ineffective assistance of counsel claim appears insufficient to meet the standard of *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, we recommend that the court decline to issue a certificate of appealability.

**V.     Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant defendant's motion to dismiss, ECF No. 18, dismiss the case, and decline to issue a certificate of appealability.  These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within thirty days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**VI.    Order**

Petitioner's motion to waive this court's service requirement is denied.  ECF No. 29.

IT IS SO ORDERED.

Dated:    __June 5, 2020__                                    _____
                                                                     UNITED STATES MAGISTRATE JUDGE

No. 206.

6