UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN, | No. 1:19-cv-00975-NONE-JDP |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | |
| KERN COUNTY DISTRICT ATTORNEY, | (Doc. Nos. 18, 32) |
| Respondent. | |

Petitioner Kyle Petersen, a federal prisoner[1] proceeding *pro se* and without counsel, petitioned for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2015 no contest plea in state court to possession of child pornography. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2020, respondent moved for dismissal of the pending petition. (Doc. No. 18.) On June 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted because the petition was untimely filed under the applicable statute of limitation provided by the Antiterrorism and Effective Death

---

[1] Petitioner was sentenced in *United States v. Petersen*, Case No. 1:17-cr-00255-NONE-SKO.

1

1  Penalty Act ("AEDPA").  (Doc. No. 32.)  The findings and recommendations were served on
2  petitioner and contained notice that objections thereto were due within thirty (30) days of service.
3  (*Id.*)  The time for filing objections has passed and petitioner has not filed any objections to the
4  pending findings and recommendations.

5        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
6  court has conducted a *de novo* review of this case.  The magistrate judge concluded that the
7  petition was untimely.  (Doc. No. 32.)  Based on these findings, the magistrate judge
8  recommended that respondent's motion to dismiss be granted.  (*Id.*)  Having carefully reviewed
9  the entire file, the court agrees and finds the findings and recommendations to be supported by the
10 record and proper analysis.

11       Having found that petitioner is not entitled to habeas relief, the court now turns to whether
12 a certificate of appealability should issue.  A prisoner seeking a writ of habeas corpus has no
13 absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
14 under certain circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
15 (2003).  In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
16 court issue or deny a certificate of appealability when entering a final order adverse to a
17 petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
18 Cir. 1997).

19       If, as here, a court grants a motion to dismiss a petition for a writ of habeas corpus, the
20 court may only issue a certificate of appealability when "the applicant has made a substantial
21 showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial
22 showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that
23 matter, agree that) the petition should have been resolved in a different manner or that the issues
24 presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529
25 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

26       In the present case, the court concludes that petitioner has not made the required
27 substantial showing of the denial of a constitutional right to justify the issuance of a certificate of
28 appealability.  Reasonable jurists would not find the court's determination that petitioner is not

entitled to federal habeas corpus relief because of the untimely filing of his petition to be wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further.  The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on June 5, 2020 (Doc. No. 32) are adopted in full;

2. Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. No. 18) as untimely is granted;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **August 19, 2020**                                 /s/ Dale A. Drozd
                                                             UNITED STATES DISTRICT JUDGE

3